IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALBERT W. MALCOM, | ) |
|       Plaintiff, | ) ) ) |
| v. | ) Civ. No. 09-357-SLR ) |
| VETERANS ADMINISTRATION, | ) ) |
|       Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this ___ day of July, 2009, having screened the case pursuant to 28 U.S.C. § 1915;

IT IS ORDERED that the Veterans Administration benefits claim is transferred to the United States Court of Appeals for Veterans Claims, the denial of medical treatment claim is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915, and plaintiff will be given leave to amend the denial of medical treatment claim, for the reasons that follow:

1. **Background**. Plaintiff Albert W. Malcom ("plaintiff") is a Vietnam veteran. He appears pro se and has been granted leave to proceed in forma pauperis. He filed a similar case in this court in 2002. *See Malcom v. Veterans Admin.*, Civ. No. 02-465-SLR.

2. **Standard of Review**. When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it

"lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

3. The legal standard for dismissing a complaint for failure to state a claim pursuant to §1915(e)(2)(B) is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (not published); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

4. Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008).

2

"[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing *Twombly*, 550 U.S. at 556 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 550 U.S. at 556 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. County of Allegheny*, 515 F.3d at 234. Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. at 2200 (citations omitted).

    5. **Discussion**. Plaintiff alleges he sustained an injury in Vietnam and that defendant Veterans Administration ("defendant") denies the injury occurred during a tour of duty. Plaintiff raises two claims: (1) defendant refuses to compensate him for his injuries; and (2) it denied him medical treat after he returned stateside. Plaintiff wants defendant to "admit" that the injury occurred in Vietnam. He seeks full compensation from either 1969 or 1983 when he first filed a claim for compensation with defendant.

    6. **VA Benefits**. "[T]his Court has a continuing obligation to sua sponte raise the issue of subject matter jurisdiction if it is in question." *See Bracken v. Matgouranis*, 296 F.3d 160, 162 (3d Cir. 2002). Under the Veteran's Judicial Review Act, 38 U.S.C. § 101 *et seq.*, a veteran disputing benefits must follow specific procedures for review of his claims. *See e.g.* 38 U.S.C. § 7105(a) ("appellate review will be initiated by a notice of

3

disagreement and completed by a substantive appeal after a statement of the case is furnished as prescribed in this section,"); 38 U.S.C. § 7252 (the Court of Appeals of Veterans Claims has exclusive jurisdiction over decisions of the Board of Veterans' Appeals); 38 U.S.C. § 7292 (the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction to review decisions of the Court of Appeals for Veterans Claims).

7. It is evident from the complaint that plaintiff challenges the validity of decisions which denied him veteran's benefits. Inasmuch as this court lacks subject matter jurisdiction over said claims, it will be transferred to the appropriate forum.[1] *See* 38 U.S.C. § 511(b) (the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.).

8. **Medical Needs**. Plaintiff also attempts to raise what may be a denial of medical treatment claim or a Federal Tort Claims Act claim. It is not clear. The sole allegation is that defendant denied plaintiff medical treatment after he returned stateside. The complaint does not indicate when, where, or what type of medical treatment was denied. As the complaint now stands, defendant cannot adequately respond to the

---

[1]Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred. 28 U.S.C. § 1631.

allegations. Therefore, the court will dismiss the claim pursuant to 28 U.S.C. § 1915. However, since it appears plausible that plaintiff may be able to articulate a claim against defendant, he will be given an opportunity to amend his pleading. See *O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

9. **Conclusion**. For the foregoing reasons, the clerk of court is directed to transfer plaintiff's Veterans Administration claim to the United State Court of Appeals for Veterans Claims. The medical claim is **dismissed** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915. Plaintiff is given leave to amend the complaint as to the potential claim of denial of medical treatment. The amended complaint shall be filed within **thirty (30) days** from the date of this order. If an amended complaint is not filed within the time allowed, then the case will be closed.

_____
UNITED STATES DISTRICT JUDGE