IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ALBERT W. MALCOM,                     )
                                      )
            Plaintiff,                )
                                      )
      v.                              )  Civ. No. 09-357-SLR
                                      )
VETERANS ADMINISTRATION,              )
                                      )
            Defendant.                )

## MEMORANDUM ORDER

At Wilmington this $3^{1\text{yr}}$ day of August, 2009, having screened the amended

complaint pursuant to 28 U.S.C. § 1915;

IT IS ORDERED that the amended complaint is dismissed as frivolous pursuant

to 28 U.S.C. § 1915, and the case is closed, for the reasons that follow:

1. **Background**. Plaintiff Albert W. Malcom ("plaintiff") is a Vietnam veteran. He

appears pro se and has been granted leave to proceed in forma pauperis. On July 22,

2009, upon review of plaintiff's complaint the court transferred plaintiff's Veterans

Administration benefits claim to the United States Court of Appeals for Veterans Claims,

and dismissed without prejudice his denial of medical treatment claim for failure to state

a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915. (D.I. 5) Plaintiff

was given leave to amend the denial of medical treatment claim. He filed the amended

complaint on August 3, 2009. (D.I. 7)

2. **Standard of Review**. When a litigant proceeds *in forma pauperis,* 28 U.S.C.

§ 1915 provides that the court may dismiss a complaint, at any time, if the action is

frivolous, malicious, fails to state a claim upon which relief may be granted or seeks

monetary relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

3.  The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) is identical to the legal standard used when ruling on 12(b)(6) motions.  *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (not published); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).  The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff.  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  "To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, –U.S.–, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

4.  A claim is facially plausible when its factual content allows the court to draw a reasonable inference that defendant is liable for the misconduct alleged.  *Id.*  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.*  The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere

2

conclusory statements." *Id.* Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown-that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

5. **Discussion**. Plaintiff alleges he sustained an injury in Vietnam and that defendant Veterans Administration ("defendant") denies the injury occurred during a tour of duty. In his original complaint, plaintiff alleged that defendant denied him medical treatment upon his stateside return. The claim was dismissed because the allegations did not indicate when, where, or what type of medical treatment was denied. Plaintiff's amended complaint makes no mention of the alleged denial of medical treatment. Instead, it focuses upon a head injury plaintiff sustained in Vietnam and Veteran's compensation dating back to 1969 when the injury occurred. Plaintiff seeks one hundred percent compensation and one hundred percent pension. Attached to the amended complaint are United States Army discharge forms, a veteran's application for compensation or pension, a letter from an attorney who represented plaintiff in a social security supplemental issue case, and what appears to be a portion of the brief filed in that social security case.

6. The amended complaint is frivolous. As in the original complaint, the

3

amended complaint provides no particulars to allow defendant to adequately respond to the allegations.  Indeed, it contains fewer facts than the original complaint.  Moreover, it is obvious from this most recent filing that plaintiff's complaint concerns an award of Veteran's benefits.  Subsequent to transfer by this court, that claim is now pending before the United States Court of Appeals for Veterans Claims.

7.  The court has given plaintiff an opportunity to correct his pleading deficiencies, to no avail.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (The court may curtail or deny a request for leave to amend where there is "repeated failure to cure deficiencies by amendments previously allowed" and there would be "futility of amendment.").  Therefore, the court will dismiss the claim pursuant to 28 U.S.C. § 1915.

8.  **Conclusion**.  For the foregoing reasons, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  Amendment of the complaint would be futile.  *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).  The clerk of court is directed to close the case.

UNITED STATES DISTRICT JUDGE

4